**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAVION PORTER,** | : | **Civil Action No.** |
| **6022 Lansdowne Avenue** | : | |
| **Philadelphia, PA 19151** | : | |
|      **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **NALA BABBA, LLC d/b/a PETSMART** | : | |
| **VETERINARY SERVICES – SOUTH** | : | |
| **SPRINGFIELD,** | : | |
| **641 Baltimore Pike** | : | |
| **Springfield, PA 19064** | : | |
| | : | |
| **5771 Jefferson Street** | : | |
| **Philadelphia, PA 19131** | : | |
|      **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Savion Porter (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Nala Babba, LLC d/b/a PetSmart Veterinary Services – South Springfield (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Nala Babba, LLC d/b/a PetSmart Veterinary Services – South Springfield is a veterinarian with a location at 641 Baltimore Pike, Springfield, PA 19064 and a corporate headquarters located at 5771 Jefferson Street, Philadelphia, PA 19131.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on April 22, 2025, alleging sexual orientation and disability discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-05500 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 11, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is part of the LGBTQ+ community.

21. Plaintiff has the serious health conditions of generalized anxiety disorder ("GAD") and the major depressive disorder ("MDD") that are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

22. The major life activities affected by GAD and MDD include, but are not limited to, sleeping, communicating and working.

23. On or about August 12, 2024, Defendant hired Plaintiff in the position of Veterinarian Technician.

## PLAINTIFF INFORMED DEFENDANT OF HIS DISABILITIES

24. In or around October 2024, Dr. Lesley Brown, Veterinarian, began to harass Plaintiff by speaking to him in a demeaning and rude manner.

25. Plaintiff informed Dr. Brown of his disabilities, but Dr. Brown responded by stating that his mental health was not her concern.

## **PLAINTIFF'S COWORKER CALLED PLAINTIFF A HOMOPHOBIC SLUR THREE (3) TIMES**

26. In December 2024, Dana Last Name Unknown ("LNU"), Veterinarian Technician, called Plaintiff a homophobic slur three (3) times.

27. Later that day, Dana cursed at other employees and abruptly quit Defendant.

## **PLAINTIFF REPORTED BEING CALLED A HOMOPHOBIC SLUR AND WAS PLACED ON UNPAID SUSPENSION AS A RESULT**

28. Plaintiff proceeded to report the sexual orientation discrimination to Kim Rice, Regional Director.

29. Rice instructed Plaintiff not to report to work for the next four (4) days.

30. Corales Alice, Human Resources, then informed Plaintiff that he had been suspended without pay.

## **DEFENDANT HIRED A NEW LEAD VETERINARIAN TECHNICIAN WHO PROCEEDED TO HARASS PLAINTIFF**

31. In January 2025, Defendant hired Joseph Hawkes, Lead Veterinarian Technician.

32. Hawkes immediately began to harass Plaintiff by not providing him with assistance and yelling at him.

33. When Plaintiff attempted to take a break to collect himself due to the symptoms of his disabilities in the washroom, Hawkes followed him and continued to yell at Plaintiff and repeatedly asked if he could hear and if he was slow.

34. Plaintiff pled with Hawkes to lower his voice, but he continued to yell at him.

## **DEFENDANT ISSUED AN UNWARRANTED FINAL WARNING**

35. On January 28, 2025, Dr. Brown and Rice issued Plaintiff a Final Warning for alleged unprofessional behavior.

36. Plaintiff had not been behaving unprofessionally.

### DR. BROWN BEGAN TO SEND PLAINTIFF HOME SIGNIFICANTLY BEFORE HIS SHIFT WAS SCHEDULED TO END MULTIPLE TIMES PER WEEK

37. Following the Final Warning, Dr. Brown began to send Plaintiff home five (5) to seven (7) hours before his shift was scheduled to end.

38. Dr. Brown continued to do this three (3) to four (4) days per week.

39. Dr. Brown did this despite other Veterinarian Technicians, who were non-disabled and non-members of the LGBTQ+ community, requesting to leave early.

40. In addition, Rice and Hawkes clocked out Plaintiff when he was still working, which forced him to have to adjust his work hours.

### PLAINTIFF COMPLAINED TO HUMAN RESOURCES REGARDING THE DISCRIMINATORY HARASSMENT HE WAS SUBJECTED TO, BUT DEFENDANT REFUSED TO ADDRESS IT

41. Plaintiff proceeded to complain to Human Resources regarding Dr. Brown's, Rice's and Hawkes' treatment of him.

42. However, Human Resources did not address Plaintiff's complaint.

43. Instead, Human Resources informed Plaintiff that Dr. Brown could run the clinic as she saw fit.

### DR. BROWN CONTINUED TO HARASS PLAINTIFF

44. On February 18, 2025, Dr. Brown nitpicked Plaintiff's work and yelled at him to perform cleaning duties.

45. Plaintiff asked Dr. Brown not to speak to him like he was a child.

46. Dr. Brown responded that Plaintiff did not have to like everyone at work, but he would be terminated if he did not do the job duties.

### DEFENDANT TERMINATED PLAINTIFF

47. Shortly afterwards, Hawkes began to yell at Plaintiff and told him to take his hat off.

48. Plaintiff did not take his hat off.

49. Hawkes then instructed Plaintiff to pack up his things and go home.

50. Plaintiff followed Hawkes' instructions.

51. Defendant terminated Plaintiff.

52. Defendant discriminated against Plaintiff due to his sexual orientation and disabilities and retaliated against him for reporting the aforementioned discrimination in violation of Title VII, the ADA and the PHRA.

53. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – SEXUAL ORIENTATION DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a member of protected classes in that he is a member of the LGBTQ+ community.

56. Plaintiff was qualified to perform the job for which he was hired.

57. Plaintiff suffered adverse job actions, including, but not limited to termination.

58. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

59. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

60. Defendant discriminated against Plaintiff on the basis of sexual orientation.

61. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

63. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – SEXUAL ORIENTATION DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his sexual orientation (LGBTQ+ community member).

66. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

69. Plaintiff was qualified to perform the job.

70. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

71. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

72. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

73. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

74. The purported reason for Defendant's decision is pretextual.

75. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

76. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

77. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

80. Plaintiff was qualified to perform the job.

81. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

82. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

83. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

84. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

85. The purported reason for Defendant's decision is pretextual.

86. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

88. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

89. Plaintiff engaged in activity protected by Title VII.

90. Plaintiff reported sexual orientation discrimination to Defendant.

91. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

92. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

93. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

94. Plaintiff engaged in activity protected by the ADA.

95. Plaintiff reported disability discrimination to Defendant.

96. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

97. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

98. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

99. Plaintiff engaged in activity protected by the PHRA.

100. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

101. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Savion Porter, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 10, 2025     By:   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*